IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
IN THE NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| TENNESSEE CLEAN WATER NETWORK, <br><br> Plaintiff, <br><br> v. <br><br> MINE ROAD PROPERTIES, LLC, <br><br> Defendant. | Civil No. 3:12-cv-00063 <br> Hon. Thomas W. Phillips |

## CONSENT DECREE

WHEREAS, the parties to this Consent Decree are Plaintiff Tennessee Clean Water Network, a Tennessee non-profit corporation ("Plaintiff"), and Defendant Mine Road Properties, LLC, a Tennessee limited liability company ("Defendant") (the "Parties");

WHEREAS, Defendant owns an approximately 117.95-acre site located at 0 Mine Road, Mascot, Tennessee 37806 (the "Mine Road Site");

WHEREAS, Plaintiff filed a Complaint in this action on February 7, 2012 pursuant to Section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Defendant discharges pollutants from a point source at the Mine Road Site to waters of the United States without the required National Pollutant Discharge Elimination System ("NPDES") permit in violation of Sections 301 and 402 of the CWA, 33 U.S.C.

§§ 1311(a) & 1342. This action is sometimes herein referred to as the "Litigation;"

WHEREAS, the Tennessee Department of Environment and Conservation ("TDEC") inspected the Mine Road Site in 2003 and thereafter investigated various options for environmental remediation, but at no time prior to issuance of Plaintiff's 60-day notice informed Defendant that it was required to obtain NPDES permit coverage;

WHEREAS, in response to the 60-day notice filed by Plaintiff, Defendant promptly undertook to investigate environmental issues at the site, to determine its legal obligations under the CWA, to engage consultants to develop a Corrective Action Plan, and to meet with TDEC and Plaintiff to resolve the matter;

WHEREAS, the parties wish to compromise and resolve all claims between and among them without admission of liability or further proceedings; and

WHEREAS, the parties, in consultation with counsel, hereby agree to resolve the Litigation and any issues that arose or may have arisen in connection with the Litigation in accordance with the terms of this Consent Decree, believing that settling the matters without further litigation is the most appropriate means of resolving the matters; and

WHEREAS, the parties believe it is in the public interest and in their mutual best interests that all issues relative to the Litigation be resolved and that all parties mutually settle their disputes amongst and between them, and each one of them, by entering into this Consent Decree for purposes of formalizing terms of settlement between Plaintiff and Defendant and disposing of the Litigation in its entirety; and

WHEREAS, a copy of the proposed Consent Decree was received by the Attorney General of the United States and the Administrator of the United States

Environmental Protection Agency more than forty-five (45) days before entry of this Consent Decree as required by 33 U.S.C. § 1365(c)(3).

**NOW, THEREFORE, BEFORE THE TAKING OF ANY TESTIMONY, WITHOUT THE TRIAL OR ADJUDICATION OF ANY ISSUE OF FACT OR LAW, WITHOUT ANY ADMISSION BY DEFENDANT OF THE VIOLATIONS ALLEGED IN THE COMPLAINT, AND UPON CONSENT AND AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

### I. JURISDICTION AND VENUE

1. *Jurisidiction.* For purposes of the entry of this Consent Decree, the Parties agree that the Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a).

2. *Venue.* For purposes of the entry of this Consent Decree, the Parties agree that venue lies in this District pursuant to Section 505(c)(1) of the CWA, because it is the judicial district in which the alleged violations occurred.

### II. RELIEF

3. *Injunctive Relief.* Defendant is the current owner of the Mine Road Site that is the subject of the Litigation. Upon entry of the Consent Decree, Defendant shall:

   A. If not theretofore done, submit a Corrective Action Plan prepared by GEOServices, LLC to the TDEC for its review and approval, and simultaneously provide a copy to Plaintiff, no later than fifteen days after Defendant's receipt of notice of entry of the Consent Decree. It is understood that Defendant may file the Corrective Action Plan with TDEC before entry of the Consent Decree. The goals of the plan shall be:

      i. to minimize pollutants contained in stormwater discharged to Flat Creek and to obtain coverage under the Tennessee Storm Water

Multi-Sector General Permit for Industrial Activities, Sector AD—Storm Water Discharges Associated with Industrial Activity from Facilities that are Not Covered under Sectors A through AC ("TMSP"); and

    ii.    to design stormwater controls to minimize mine tailings contained in stormwater discharged to the closed depression at the Mine Road Site.

B.    If not theretofore done, submit to TDEC an application for coverage under the TMSP no later than 30 days after the later of (i) entry of the Consent Decree or (ii) TDEC approval of the Corrective Action Plan, and thereafter obtain TMSP permit coverage, which constitutes NPDES permit coverage. The Parties recognize that TDEC, rather than the Parties, will control the date on which TMSP permit coverage is granted, but Defendant agrees to work cooperatively with TDEC in attempt to obtain permit coverage in a timely manner. It is understood that Defendant may submit the application to TDEC before entry of the Consent Decree.

C.    For three years following commencement of the permit coverage, Defendant, or if Defendant shall convey the Mine Road Site, Defendant's successors in title, shall:

    a.    conduct compliance monitoring as described in the TMSP, including any future permit modifications or variances as approved in writing by TDEC;

b. sample discharges from the Mine Road Properties, LLC site to the extent required in the TMSP, unless the property is redeveloped and TDEC permits deviation from the sampling required in the TMSP; and

c. provide reports to TDEC with copies to TCWN.

4. *Attorneys' and Experts' Fees.* Defendant shall bear the cost of Defendant's attorney's and expert's fees and costs incurred in connection with the Litigation, and shall pay TCWN Twenty Thousand Dollars ($20,000) in reimbursement of a portion of TCWN's attorneys' and experts' fees. TCWN shall bear its own attorneys' and experts' fees and any other costs, including discretionary costs, incurred in connection with the Litigation in excess of the amount set forth above. Defendant shall pay these fees upon the earlier of the sale or transfer of the property, or:

| | |
|---|---|
| 60 days after Entry of Consent Decree | $5,000 |
| November 1, 2012 | $5,000 |
| February 1, 2013 | $5,000 |
| May 1, 2013 | $5,000 |

5. *Release; Covenant Not to Sue.*

Plaintiff, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, for Plaintiff and anyone claiming through or under Plaintiff, hereby releases and forever discharges Defendant and Defendant's members, agents, directors, officers, and employees, and all successors and assigns of Defendant (including successors in title), all of which are hereinafter referred to as "Releasees," from any and all actions, causes of action, suits, obligations, claims, contracts, promises, covenants, and demands whatsoever, in law or in equity, that Plaintiff or any of

Plaintiff's successors, or assigns may have against Releasees by reason of any matter, cause, or thing directly related to the Mine Road Site, with the exception of any claims arising from enforcement of this Consent Decree. Without limiting the generality of the foregoing, Plaintiff hereby releases all claims, actions, or demands arising out of, resulting from, or in any way related to any violation of the CWA with respect to the Mine Road Site occurring on or before the date this Consent Decree is entered, and all claims set forth, or which could have been set forth, in the United States District Court for the Eastern District of Tennessee, in the Northern Division at Knoxville, Civil Case Number 3:12-cv-00063. In addition to the foregoing release, Plaintiff covenants not to file any lawsuit relating to the Mine Road Site as long as the Corrective Action Plan and the requirements of the TMSP (including any future permit modifications or variances as approved in writing by TDEC) are complied with.

### III. GENERAL PROVISIONS

6. *Advice of Counsel.* The parties to this Consent Decree all mutually represent and warrant that they have carefully reviewed this Consent Decree, have had such opportunity as they think necessary to consult with counsel of their choice concerning it, fully understand its terms, and enter into it freely and voluntarily.

7. *No Admission of Liability.* The Plaintiff's claims in the Litigation are disputed by the Defendant, and this Agreement represents the compromise of such disputed claims. This Consent Decree and compliance with this Consent Decree shall not constitute, or be construed as, and are not intended to be an admission concerning the validity of any such claim, or an acknowledgement by Defendant of any wrongdoing or liability, all such wrongdoing and liability being expressly denied.

8. *Modification.* Except as provided herein, no modification of the Consent Decree shall be effective without written approval of the parties and the Court. The terms of this Consent Decree may be changed, revised or modified by a written instrument signed by all parties to this Consent Decree or their privies, representatives, agents, successors, or assigns. Any such modification by agreement shall not take effect unless and until approved by the Court. The parties hereby expressly stipulate to the adequacy and sufficiency of consideration in and for all mutual covenants contained herein.

9. *Privies, Successors and Assigns.* This Consent Decree is intended to and shall inure to the benefit of and be binding upon the Parties and their respective legal representatives, privies, successors and assigns. In particular, the terms of this Consent Decree (except with respect to the obligation to pay attorneys' and experts' fees pursuant to Paragraph 4, which remain the obligation of Mine Road Properties, LLC) shall be binding upon any successor of Defendant should Defendant sell the property, and such successor owner of the Mine Road Site shall be the party liable for future compliance monitoring and future compliance with the Corrective Action Plan and TMSP (including any future permit modifications or variances as approved in writing by TDEC). From the date of conveyance of the property, Mine Road Properties, LLC shall have no further duty or liability for future compliance monitoring, future compliance with the Corrective Action Plan or the TMSP, or provision of reports to TDEC or TCWN, if the transferee of the property shall have assumed such duty and liability by a writing delivered to TCWN. Defendant shall cause this Consent Decree, or an abstract or memorandum thereof, to be recorded in the names of Plaintiff and Defendant, each indexed as both grantor and grantee, in the property files of Knox County, Tennessee.

10. *Continuing Jurisdiction; Termination*. The United States District Court for the Eastern District of Tennessee shall have continuing jurisdiction to interpret and enforce the terms and conditions of this Consent Decree, to resolve disputes arising hereunder, and for such other actions as may be necessary or appropriate in the construction or execution of the Consent Decree. Notwithstanding the Court's continuing jurisdiction, this Consent Decree shall terminate after Defendant's compliance with the remedial measures and performance requirements of Paragraph 3 herein and payment of the stipulated amount identified herein at Paragraph 4 having been made to Plaintiff.

11. *Severability.* The provisions of this Consent Decree shall be severable and should any provision be declared by any court of competent jurisdiction to be inconsistent with federal law, and therefore unenforceable, the remaining provisions of this decree shall remain in full force and effect.

12. *Effect of Entry or Lack of Entry.* In the event of entry of this Consent Decree, the Litigation is dismissed with prejudice subject to the Court's continuing jurisdiction. In the event that the Court should reject this proposed Consent Decree, this Consent Decree and any Settlement Agreements and Mutual Releases arising thereunder shall be of no further force and effect, and the parties shall be fully restored and returned to their respective positions immediately prior to the Consent Decree's lodging with the Court so as to maintain the *status quo*.

13. *Court's Finding.* Based upon the entire record herein, the Court finds that this Consent Decree is fair, reasonable, and in the public interest.

**ENTERED this** 29th **day of** August **,** 2012**.**

s/ Thomas W. Phillips
**UNITED STATES DISTRICT JUDGE**

WE HEREBY AGREE to the terms and recitals set forth above and CONSENT to entry of this Consent Decree, subject to the requirements of 33 U.S.C. § 1365(c)(3):

For Plaintiff Tennessee Clean Water Network:

*[signature]*
RENEE V. HOYOS
Executive Director
Tennessee Clean Water Network
P.O. Box 1521
Knoxville, TN 37901
Telephone: 865-522-7007x100

*[signature]*
STEPHANIE D. MATHENY
(BPR #027783)
Tennessee Clean Water Network
P.O. Box 1521
Knoxville, TN 37901
Telephone: 865-522-7007x102
stephanie@tcwn.org

Counsel for Plaintiff

For Defendant Mine Road Properties, LLC:

*[signature]*
OLIVER A. SMITH, IV
Chief Manager
Mine Road Properties, LLC
7216 Wellington Dr., Suite One
Knoxville, TN 37919
865-584-3000

*[signature]*
DAVID W. LONG
GARRETT P. SWARTWOOD
(BPR #009541)
Long, Ragsdale & Waters, P.C.
1111 Northshore Drive, NW, Suite S-700
Knoxville, TN 37919-4074
Telephone: 865-584-4040
dlong@lrwlaw.com

Counsel for Defendant